IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MELVIN COLLINS, :

        Plaintiff, : Case No. 3:12cv089

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

        Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #18) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #19) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT COMMISSIONER AND AGAINST PLAINTIFF, AFFIRMING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT ON OR BEFORE HIS LAST INSURED DATE OF JUNE 20, 2005; TERMINATION ENTRY

---

      Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On January 7, 2013, the United States Magistrate Judge filed a Report and Recommendations (Doc. #18), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #18), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (Doc. #10), and a thorough review of the applicable law, this Court

adopts the aforesaid Report and Recommendations in their entirety (with one exception noted in a footnote below) and, in so doing, orders the entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act on or before his last date insured of June 20, 2005, was supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #16) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act on or before his last date insured of June 20, 2005, is affirmed.[1]

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the

---

[1] This Court believes the Magistrate Judge mistakenly concluded that Plaintiff's treating physician, Dr. Robert Kominiarek, did not begin to treat Plaintiff until November 9, 2007, some two and one-half years after the Plaintiff's last date insured. However, a review of the record causes this Court to conclude, as did the Administrative Law Judge, that such treatment, at least insofar as the Defendant's mental health issues were concerned, began in November, 2005, a scant few months following the Plaintiff's last date insured.

-2-

Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security

disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. This Court concludes that the Administrative Law Judge had good and sufficient reason to reject the opinions of Plaintiff's treating physicians, Dr. Robert Kominiarek and Dr. Mary Kuruvilla. Dr. Kuruvilla, while treating Plaintiff from a period one month prior to the expiration of his insured status, did not relate her opinions back to Plaintiff's condition on or before June 20, 2005. Moreover, while she did, indeed, state, in August, 2009 and on January 6, 2011 (some four and some five and one-half years subsequent to the Plaintiff's last date insured), that based on her treatment and medical expertise, Plaintiff had exhibited his disabling impairments before 2005, that opinion is simply not well supported by medically accepted clinical and laboratory diagnostic techniques and is not consistent with other substantial evidence in the case record. Her failure to rely upon or to cite to any prior treating sources, records or opinions, to support a conclusion that her opinion related back to the relevant period on or before June 20, 2005, was ample reason to find that her opinion of "disability" was unsupported by substantial evidence. Insofar as Dr. Kominiarek is concerned, his medical source statement of December 2, 2010 (almost five and one-half years after the Plaintiff's last date insured) does not appear to be

reflective of Plaintiff's functioning on or before the critical date in question. The Administrative Law Judge has more than adequately identified his reasons for discounting the opinions of the Plaintiff's treating physicians. Likewise, although Dr. Kominiarek opined that Plaintiff had been disabled since on or before June 20, 2005, the Administrative Law Judge was well within his discretion in not accepting said opinion, as an opinion of disability must be supported by medically acceptable clinical and laboratory diagnostic techniques and/or be considered consistent with the other substantial evidence in the case record. A review of the record before the Defendant Commissioner reveals that Dr. Kominiarek's conclusion is not so supported.

    2. The evidence of record simply does not support, by substantial evidence, that the Defendant's mental condition, to wit: major depression, recurrent, was a severe limitation/disability prior to June 20, 2005.

    3. Inferring the error in the Administrative Law Judge's refusal to give controlling or even deferential weight to the opinion of Dr. Kuruvilla, Plaintiff has stated, Doc. #19 at 8:

> "Dr. Kuruvilla's August 7, 2009, opinion was given in answer to the Defendant's own questionnaire. If the Defendant's questions were written in such a way as to indicate the answers were to consider Plaintiff's impairments at the time of the completion of the questionnaire [presumably, as opposed to a consideration of said impairments on the date last insured], that should hardly be support for rejecting Dr. Kuruvilla's answers as that was the fault of the Defendant."

In so stating, Plaintiff ignores two basic principles. First, a social security disability claimant, to wit: the Plaintiff, bears the ultimate burden of proof on the issue of disability. Richardson v. Heckler, 750 F.2d 506, 509 (6th Cir. 1984). Herein, the Plaintiff's specific burden was to prove that he was disabled on or before the last date insured on June 20, 2005. Second, there was

-5-

nothing in the social security rules, regulations or body of law that prevented him from either directly or indirectly, by request of the Defendant Commissioner, seeking opinions of his treating physicians as to his disability, and reasons supporting said conclusions, prior to the date last insured. Plaintiff has simply failed to sustain a burden of proof that exists on all social security claimants.

4. The Court's duty in ruling on an appeal from a finding of non-disability rendered by the Administrative Law Judge, is not to determine whether the record contains substantial evidence of disability; rather, that burden is to determine whether the Defendant Commissioner's decision of non-disability is supported by substantial evidence. In this matter, the record is so supported.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #18) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act on or before June 20, 2005, was supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #19) are overruled. Judgment will be ordered entered in favor of the Defendant Commissioner and against Plaintiff herein, affirming the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act for the period on or before June 20, 2005.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 23, 2013

*[signature]*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record